**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT ARTHUR VORIS** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO.  4:16-CV-764** |
| | § | |
| **KEVIN THORNTON, And** | § | |
| **JOSEPH DUDLEY,** | § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

1.      This complaint is brought to remedy damages, as well as or declaratory relief and attorney's fees, caused by the named Defendants' violations of Plaintiff's First, Eighth and Fourteenth Amendment Rights under the United States Constitution.

2.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. Sections 1331 and 1343(a).  The enforcement provision involved is 42 U.S.C. Section 1983.  At all times material to these complaint facts each named Defendant acted under color of state law to deprive Plaintiff of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.   Venue is proper under 28 U.S.C. Section 1391 (b)(1) in that the incidents giving rise to Plaintiff's causes of action arose at the Ellis Unit of the TDCJ-CID, located in Walker County, Huntsville, Texas.  Plaintiff is presently confined at the Stringfellow Unit, 1200 F.M. 655, Rosharon, Texas 77583.

3.      The Plaintiff is Robert Voris, TDCJ-CID No. 1225841, who is presently incarcerated at the Stringfellow Unit, TDCJ-CID, 1200 F.M. 655, Rosharon, Texas  77583.

The party Defendants are Kevin Thornton, formerly employed as a Correctional Officer at the Ellis Unit, TDCJ-CID, during 2014 and whose present address is the Estelle Unit, TDCJ-CID, 264 F.M. 3478, Huntsville, Texas 77320, or 130 Wallace Road, Huntsville, Texas 77320,

1

and Joseph Dudley, employed as a Correctional Sergeant at the Ellis Unit, TDCJ-CID, 1697 FM 980, Huntsville, Texas  77343.  Defendant Dudley has previously been served with summons and complaint and has entered an appearance, while Defendant Kevin Thornton may be served at the addresses stated above or wherever he may be found.

Each named Defendant, who at all times during the complaint facts set forth by Plaintiff in this complaint acted in a reckless disregard for, and/or deliberate indifference to, the First, Eighth and Fourteenth Amendment Rights of Plaintiff under the United States Constitution, is being sued in his individual capacity.

## FIRST CAUSE OF ACTION

4.     On March 28, 2014, while confined at the Ellis Unit, TDCJ-CID as a general population inmate, Plaintiff was in the C-6 cellblock 'dayroom', a common area in which inmates watch television, visit, play dominos and checkers.  The dayroom area is separated from the main hallway at the Ellis Unit by glass panels which require considerable force to break. While Plaintiff was in the dayroom Defendant Kevin Thornton (hereafter "Thornton"), noticed Plaintiff as he was escorting another inmate in the main hallway from his living area to the shower.  Without any provocation from Plaintiff, Thornton ordered Plaintiff to place his face against a window separating the dayroom and hallway.  After Plaintiff complied with the order, and had placed his face against the window, Thornton balled up his fist and maliciously and sadistically, with significant force, punched the window pane directly where Plaintiff's face was positioned, causing the window to shatter, with glass shards/pieces of glass puncturing Plaintiff's eye, inflicting upon Plaintiff substantial injuries to his eye, causing immediate and long-lasting severe physical pain, as well as mental and emotional suffering.   Plaintiff was taken to the Ellis Unit infirmary where medical treatment was administered.  The injury was so severe as to require corrective surgery at the University of Texas Medical Branch, in Galveston, Texas, by

Doctors Betty Williams and Marcia Coca.  The injuries to Plaintiff's eye resulted in a period of blindness in the eye, with an on-going fear of experiencing disease or recurring blindness in the eye, with on-going severe mental and emotional suffering.  The malicious and sadistic conduct of Defendant Thornton violated the Eighth and Fourteenth Amendment Rights of Plaintiff under the United States Constitution, as well as TDCJ-CID use of force policies.  However, at the time Defendant Thornton acted, he had knowledge of a custom and practice of TDCJ-CID and/or TDCJ-CID Ellis Unit supervisory officials, of not conducting meaningful investigations into similar uses of excessive force by correctional officers, of not punishing officers for such uses of excessive force and conduct, and of engaging in a variety of harassing and/or retaliatory methods and action to discourage inmates victimized by such unwarranted uses of force from exercising their rights to complain to TDCJ-CID supervisory personnel and the courts.  Defendant Thornton had knowledge that, pursuant to custom and practice of the TDCJ-CID and/or TDCJ-CID Ellis Unit supervisory staff, any grievance filed by Plaintiff following Thornton's malicious and sadistic use of force against Plaintiff would result in no finding of wrongdoing on the part of Defendant Thornton, regardless of written TDCJ-CID policies regarding the excessive use of force.  Defendant Thornton had knowledge that written procedure of the prison agency would not permit him to visit an assault upon Plaintiff, but the culture of the agency and workplace would.  The conduct of Defendant Thornton evidenced bad faith, and a reckless disregard for, and/or a deliberate indifferent toward, the Eighth and Fourteenth Amendment Rights of Plaintiff.

## SECOND CAUSE OF ACTION

5.      Following Defendant Thornton's physical assault upon Plaintiff, as set forth in the first cause of action above, Defendant (Sergeant) Joseph Dudley (hereinafter "Dudley") entered the dayroom, along with Defendant Thornton, where the injured Plaintiff was situated.  Plaintiff immediately began to exercise his First Amendment Right to complain to Dudley regarding what

had transpired, and in utilizing the informal resolution component to the TDCJ-CID Offender Grievance procedure.  Dudley soon halted Plaintiff's complaint, and with Defendant Thornton escorted Plaintiff to the Ellis Infirmary.  Dudley immediate recognized the strong likelihood that Plaintiff would file a grievance complaining of Defendant Thornton's conduct, and that Thornton would be liable should Plaintiff pursue a civil rights lawsuit against Thornton in a state or federal court.  Dudley had knowledge of other inmates who had filed grievances complaining of excessive force by TDCJ-CID Ellis Unit correctional officers, and that some inmates would file civil rights lawsuits under similar circumstances.

Consequently, Dudley undertook the following acts and omissions, following the assault upon Plaintiff by Defendant Thornton, in retaliation for the exercise of Plaintiff's First Amendment free speech Right, to complain to Dudley about the incident, and/or in retaliation for the exercise of Plaintiff's First Amendment Right of utilizing the informal resolution component of the prison grievance procedure, prior to filing a formal grievance, in complaining to Dudley regarding Thornton's conduct; and to prejudice a civil rights lawsuit that an objectively reasonable supervisor would have anticipated to be filed:

a.      Although TDCJ-CID use of force customs, practices, and/or policies called for the taking of "witness statements" in instances of uses of force, Dudley refused to take any witness statements from several available inmates in the dayroom who witnessed Defendant Thornton's illegal use of force, or assault, upon the Plaintiff;

b.      After taking Plaintiff to the infirmary for treatment following the assault by Defendant Thornton, Defendant intentionally provided false information concerning the incident to infirmary personnel, which Dudley knew would be recorded in government documents (Plaintiff's medical record, infirmary records), by stating to infirmary personnel that Defendant Thornton had simply tapped on the glass and the glass shattered;

4

c.      After taking Plaintiff to the infirmary for treatment following the assault by Defendant Thornton, Dudley chilled the exercise of Plaintiff's First Amendment Right to state to infirmary personnel what actually had transpired during the assault, by admonishing Plaintiff, before Plaintiff could speak to infirmary personnel, "not to start trouble if Plaintiff wanted to graduate (from a program in which Plaintiff was currently enrolled and critical to Plaintiff's classification status and release eligibility), and stay out of administrative segregation," which had the effect of chilling (and silencing) Plaintiff's First Amendment Right to complain to infirmary personnel of the incident and Defendant Thornton's misconduct.  The threats and conduct of Defendant Dudley were capable of deterring a person of ordinary firmness from further exercising his First Amendment Right.

d.      Following the incident Defendant Dudley caused to be filed an official governmental document, in the form of a report or memorandum, in which he falsely stated that Defendant Thornton had tapped on the window in question and it shattered, with words and omissions giving the impression that Defendant Thornton was not guilty of any misconduct.

As a result of Defendant Dudley's complained-of acts and omissions, which violated the First and Fourteenth Amendment Rights of Plaintiff, including a substantive due process Right, Plaintiff was prejudiced in the review of the incident through the prison grievance procedure, and caused severe mental and emotional distress.

## **RELIEF REQUESTED**

6.      a.      Enter Declaratory Judgment, declaring the complained-of acts and omissions on the part of the Defendants as pleaded herein as having violated the First, Eighth and Fourteenth Amendment Rights of Plaintiff;

b.      Award Plaintiff, as compensatory damages, of and against Defendant Thornton in his individual capacity the sum of $500,000.00;

c.      Award Plaintiff, as exemplary damages, of and against Defendant Thornton in his individual capacity the sum of $500,000.00;

d.      Award Plaintiff, as exemplary damages, of and against Defendant Dudley in his individual capacity the sum of $200,000.00;

e.      Award Plaintiff, as nominal damages, of and against Defendant Dudley in his individual capacity the sum of $1.00.

f.      Award Plaintiff cost of actions, and attorney's fees under 42 U.S.C. Section 1988;

g.      Award Plaintiff such relief to which he may demonstrate his entitlement and which is in the interest of justice.

_/s/ Tammy E. Henderson Peden_
TAMMY E. HENDERSON PEDEN
State Bar No. 24037845
FID:          35242
7100 Regency Square Blvd., Suite 160
Houston, Texas 77036
Telephone:  (713) 476-0988
Facsimile:   (713) 244-2707
tpedenlaw@netscape.net
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2017 a true and correct copy of the foregoing and within Plaintiff's Second Amended Complaint was served on the following person in accordance with the Federal Rules of Civil Procedure, to wit:

Bruce R. Garcia
Assistant Attorney General
Post Office Box 12548
Austin, Texas  78711-2548
Via Email:     Bruce.Garcia@texasattorneygeneral.gov

_/s/ Tammy E. Henderson Peden__
TAMMY E. HENDERSON PEDEN